619 So.2d 717 (1993)
Valerie JURE
v.
Richard H. BARKER, IV, et al.
No. 92-CA-1688.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1993.
A.D. Freeman, New Orleans, for plaintiff.
*718 Before ARMSTRONG, PLOTKIN and JONES, JJ.
ARMSTRONG, Judge.
This is an appeal from the granting of an exception of prematurity in a legal malpractice action. The issue is whether a pending appeal in a medical malpractice action renders premature a legal malpractice action against the attorneys who represent the plaintiff in that medical malpractice action. We hold that it does and we affirm the judgment of the trial court.
The defendant attorneys, Richard H. Barker, IV and Harry J. Boyer, Jr. represented the plaintiff, Valerie Jure, in a medical malpractice action. Jure's petition alleges that the medical malpractice action has been, at least in part, unsuccessful and that this lack of success is due to the alleged negligence of Barker and Boyer. Jure's petition further alleges that Barker and Boyer continue to represent her in the appeal filed in the medical malpractice action. Barker and Boyer filed an exception of prematurity in the present action. They based their exception on the pendency of the appeal in the medical malpractice action. The trial court granted that exception dismissing Jure's malpractice action.
The appeal of Jure's medical malpractice action may render moot the alleged negligence of Barker and Boyer or even show that they were not negligent. This would seem to be particularly likely if they should be successful in the appeal of Jure's medical malpractice case so as ultimately to prevail in that case. Most importantly, unless and until the appeal in the medical malpractice action is concluded in a manner adverse to Jure, Jure has not suffered any damages from the alleged legal malpractice of Barker and Boyer in connection with the medical malpractice action. In the context of an action for legal malpractice the Louisiana Supreme Court has held that a cause of action does not exist until the client actually has suffered some damage.
The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm not yet realizeddoes not suffice to create a delictual action. [citations omitted] Until the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice.
Braud v. New England Ins. Co., 576 So.2d 466, 468 (La.1991). See also Rayne State Bank & Trust Co. v. National Union Fire Ins. Co., 483 So.2d 987, 995 (La.1986).[1] Thus, we find that the present action is premature.
Our holding is in accord with other jurisdictions that have considered the same issue and have concluded that a legal malpractice action is premature "until the underlying action, which is on appeal, has been finally resolved." 2 R.E. Mallen and J.M. Smith, Legal Malpractice § 17.5 14 n. 6, 15 n. 10 (3rd ed. 1989). Our holding also is guided by our decision in Marchand v. Miazza, 151 So.2d 372 (La.App. 4th Cir. 1963). In Marchand, the client had dismissed, then sued, her attorneys for their alleged negligence in handling certain breach of contract claims that she had against other persons. However, at the time of her legal malpractice suit against her former attorneys, she still had pending four suits asserting the same breach of contract claims as allegedly had been mishandled by her former attorneys. We held that, as the claims for breach of contract which had allegedly been mishandled had not themselves been resolved, and as the legal malpractice suit for the alleged mishandling of those breach of contract claims necessarily was based on speculation as to the ultimate outcome of the breach of contract claims, that legal malpractice action was premature. 151 So.2d at 376. Similarly, in the present case, Jure's legal malpractice action is based upon speculation as to the ultimate outcome of her appeal in the medical malpractice case.
*719 Jure's brief, citing the prescription statute for legal malpractice actions, LSA-R.S. 9:5606, expresses the concern that prescription already may be running on her legal malpractice claim against Barker and Boyer. Jure's concern is misplaced because, as we held in Marchand, "the courts will not stand by and rule that her claim is premature today and prescribed tomorrow." 151 So.2d at 375. In other words, as Jure's cause of action will not exist unless and until her appeal of the medical malpractice action is concluded adversely to her, prescription can have no application prior to the conclusion of her appeal of the medical malpractice action. The prescription statute for legal malpractice actions, LSA-R.S. 9:5605, does not purport to alter the rule of Braud and Rayne that a cause of action for legal malpractice does not exist, with the necessary consequence that prescription cannot begin running unless and until the client actually has suffered some damage. The statute specifies a one year prescriptive period for legal malpractice actions and limits tolling based upon the client's ignorance of the attorney's fault to three years. To stretch the statute further, to cause prescription to begin running on a cause of action that does not yet exist, with the consequence that a cause of action could be prescribed before it exists, would be an absurdity that the statute's text does not call for and which we cannot conceive to be intended by the legislature. Thus, the one year prescriptive period of the statute begins running no sooner than the cause of action for legal malpractice comes into existence. In the present case, the one year prescriptive period will begin to run upon the conclusion of Jure's appeal in the medical malpractice action.[2]
For the foregoing reasons, the judgment of the trial court, dismissing this action as premature, is affirmed.
NOTES
[1] Jure's petition in the present case does not allege that she has suffered any damages as a result of the need to appeal in the medical malpractice action, e.g. such as legal fees for prosecuting the appeal. Instead, she alleges damages she will suffer if, but only if, the appeal in the medical malpractice action is wholly or partially unsuccessful. Thus, if the appeal in the medical malpractice case is wholly successful, then there necessarily will be no damages of the sort alleged by Jure.
[2] We also note that Jure's petition specifically alleges that Barker and Boyer continue to represent her on appeal in the medical malpractice action. As a result of this "continuous representation" prescription is tolled. Lima v. Schmidt, 595 So.2d 624, 630 (La.1992). We do not see the "continuous representation" tolling rule as displaced or affected by LSA-R.S. 9:5605.