[ iWICKER, Judge.
Sheila Fairchild Gaudet appeals the dismissal of her suit for legal malpractice on an exception of prescription. On our own motion, we grant a stay of this matter pending the Louisiana Supreme Court’s determination of a similar ease. At issue is whether R.S. 9:5605 applies to extinguish the cause of *357 action where the plaintiff had no damage as a result of the malpractice during the entire three-year period following the malpractice, and whether continuing representation of plaintiff by the defendant lawyer suspended the peremptive periods of R.S. 9:560s.[1]
Plaintiff relies primarily on the recent ease of Reeder v. North, 96-165 (La.App. 5 Cir. 11/14/96), 683 So.2d 912, in which this court ruled that to determine when prescription or 12pereruption begins to run, the court must determine when a claim against an attorney comes into existence, that is, the time when the facts ripened into a viable cause of action sufficient to support a lawsuit. “[A] cause of action for legal malpractice does not exist, with the necessary consequence that prescription cannot begin running, unless and until the client actually has suffered some damage. * * * Thus, the one-year prescriptive period for legal malpractice actions begins running no sooner than the cause of action for legal malpractice comes into existence.” Id. at 915.
The Reeder decision further stated,
While the attorney-client relationship is in existence and the attorney is actively attempting to remedy the alleged malpractice until the judgment giving rise to the malpractice claim becomes definitive, a legal malpractice claim does not ripen into a cause of action. Because appellate courts can disagree in the application of the law giving rise to the legal malpractice, it is only when the judgment giving rise to the malpractice becomes definitive that it is jurisprudentially clear that an act or omission has occurred and that a malpractice action exists. Under this analysis the cause of action asserted has neither prescribed, since the pleadings were filed within one year of the date the judgment became definitive, nor has the cause of action been preempted since it is within three years of that date.
Reeder v. North, 96-165 (La.App. 5 Cir. 11/14/96), 683 So.2d 912, 916-917.
Thus, under Reeder the date on which the peremptive period of La. R.S. 9:5605 would begin running is the date on which the cause of action becomes “ripe.” Further, the Reed-er case would allow “continuing representation” by an attorney of his client to interrupt or suspend the running of the peremptive period.
The Supreme Court granted writs in Reeder on March 31, 1997. Reeder v. North, No. 97-239 (La.3/31/97), 692 So.2d 377. The Supreme Court’s decision in ReedermW. be dis-positive of the issues in the case at bar. Accordingly, on the Court’s own motion we stay further proceedings in this case until decision of the Reeder case is rendered by the Supreme Court.
MATTER STAYED PENDING SUPREME COURT RULING IN REEDER v. NORTH.

. La.R.S. 9:5605 provides, in pertinent part:
A. No action for damages against any attorney at law * * * whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. * * * The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
* * * * *
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953. [Emphasis added.]