712 So.2d 978 (1998)
Ernest DRENNAN
v.
Edna KILLIAN.
No. 97-CA-1120.
Court of Appeal of Louisiana, Fifth Circuit.
April 28, 1998.
*979 Theodore W. Nass, Gretna, for Plaintiff/Appellant.
Nancy J. Marshall, Ambrose V. McCall, Deutch, Kerrigan & Stiles, L.L.P. New Orleans, for Defendant/Appellee.
Before BOWES, WICKER and GOTHARD, JJ.
WICKER, Judge.
Plaintiff, Ernest Drennan, appeals the dismissal of his legal malpractice action against his former attorney, Edna Killian, on the basis of prescription. We affirm, for the reasons that follow.
On January 15, 1997 Drennan filed a petition alleging that he moved to Louisiana in 1993 and consulted Killian regarding a domestic relations matter in which he was served with process via another state's long-arm statute. Killian advised Drennan to ignore the service and any subsequent proceedings based upon it. As a result, Drennan alleged, his child support payment was increased substantially. He subsequently consulted Killian in connection with service of process in Louisiana to make the long-arm judgment executory. He stated further, "Petitioner, Ernest Drennan, paid Defendant, Edna Killian, to ignore in the subsequent Louisiana proceeding concerning service based upon long arm jurisdiction and lost." Drennan alleged that Killian's advice resulted in at least two judgments being taken against him and his becoming liable for increased child support.
Killian responded with an exception of prescription, alleging that a default judgment was rendered against Drennan in Oregon on May 20, 1993 and that the Oregon judgment was made executory by the Twenty-Fourth Judicial District Court in Jefferson Parish, Louisiana, on January 24, 1996. Based on those dates, Killian asserted that plaintiff's claims had prescribed, because "[e]ven if plaintiff asserts that he did not immediately discover the consequences arising from the default judgment entered in Oregon, plaintiff filed his Petition more than three years after the Default Judgment was entered in May, 1993."
Drennan opposed the exception, arguing that prescription does not begin to run until the attorney is no longer representing the client and that it would be inexcusable to allow prescription to run against a malpractice case while the attorney is still representing the client in the matter in which the malpractice occurred. He relied on this Court's decision in Reeder v. North, 96-165 (La.App. 5 Cir. 11/14/96), 683 So.2d 912, writs granted, 97-239 (La.3/27/97), 692 So.2d 377. In Reeder we held that to determine when prescription or peremption begins to run, the court must determine when a claim against an attorney comes into existence, that is, the time when the facts ripened into a viable cause of action sufficient to support a lawsuit. 683 So.2d at 915.
Under that reasoning, the date on which the peremptive period of La. R.S. 9:5605 would begin running is the date on which the cause of action becomes "ripe." Further, that decision would allow "continuing representation" of a client by an attorney to interrupt or suspend the running of the peremptive period. Drennan argued that he did not discover his cause of action until January 19, 1996, when he consulted his present counsel, and that his malpractice suit was timely because it was filed within one year from that date. The trial court granted the exception, however, and Drennan appealed.
La. R.S. 9:5605 governs actions for legal malpractice. It provides, in pertinent part:
A. No action for damages against any attorney at law * * * whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all *980 events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. * * * The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended. [Emphasis added.]
After this appeal was taken the Louisiana Supreme Court rendered a decision reversing this Court's ruling in Reeder. Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, provides a definitive interpretation of the three-year time limitation in legal malpractice actions. The supreme court held that La. R.S. 9:5605 must be applied as written because "[t]he Legislature was particularly clear in wording La. R.S. 9:5605 so as to leave no doubt as to its intent." Reeder v. North, 701 So.2d at 1295. Thus, the applicable time limitations on legal malpractice actions are one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, "at the latest within three years from the date of the alleged act, omission, or neglect." Id.; La. R.S. 9:5605(A).
Further, there is no doubt that the three-year peremptive period applies retroactively because the Legislature provided that the provisions of the statute "are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred." Id.; La. R.S. 9:5605(B).
Thus, under the clear wording of the statute, the court of appeal was wrong in holding that the peremptive period did not begin to run until the "facts ripened into a viable cause of action sufficient to support a lawsuit," i.e., the date the U.S. Supreme Court denied certiorari. Because the negligent act occurred before September 7, 1990, Reeder had until September 7, 1993 to file the malpractice action, "without regard to the date of the discovery of the alleged act, omission, or neglect."
We recognize the perceived inequities of this statute.
* * * * * *
While the terms of the legal malpractice statute of limitations statute [sic] may seem unfair in that a person's claim may be extinguished before he realizes the full extent of his damages, the enactment of such a statute of limitations is exclusively a legislative prerogative.
Reeder v. North, 701 So.2d at 1296.
In addition, the court noted, Subsection B of the statute explicitly defines the statutory periods of limitation as "peremptive periods within the meaning of Civil Code Article 3458" which, pursuant to Civil Code Article 3461, "may not be renounced, interrupted, or suspended." La. R.S. 9:5605(B).
Therefore, there is no doubt that the Legislature intended that three years after the "act, omission, or neglect," the cause of action is extinguished, regardless of when the negligence is discovered and regardless of whether a malpractice action may be brought within that three-year period. The Legislature was aware of the pitfalls in this statute but decided, within its prerogative, to put a three-year absolute limit on a person's right to sue for legal malpractice, just as it would be within its prerogative to not allow legal malpractice actions at all.
701 So.2d at 1297.
Finally, running of the peremptive period cannot be suspended by the continuous representation rule. Id.
Applying La. R.S. 9:5605 and the Supreme Court's decision in Reeder to the facts in this matter, we find no error in the trial court's decision. The negligent act or omission occurred more than three years before the suit was filed; therefore, plaintiff's cause of action for legal malpractice was perempted. The trial court was correct in finding plaintiff's cause of action perempted.
La.Code Civ. P. Art. 931 states,
When the grounds of the objection pleaded by the peremptory exception may *981 be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
"The mandatory nature of the right to amend is clear and unambiguous, but notably qualified by the restriction that the objections must be curable. * * * Where amendment would be a vain and useless act, however, amendment of the petition is not required prior to dismissal of the action." Suttles v. Gibson, 422 So.2d 1308, 1309 (La. App. 5 Cir.1982). Because a peremptive period "may not be renounced, interrupted, or suspended," La. R.S. 9:5605, La. Civ.Code Art. 3458, the grounds of the objection could not have been removed by amending the petition and the court was correct in dismissing the suit. Comardelle v. Jeandron Chevrolet, Inc., 449 So.2d 601, 605 (La.App. 1 Cir.1984).
Accordingly, the judgment is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.