LANDRIEU, J.,
concurs with reasons.
hi agree with the majority that the trial court erred in granting the exceptions of prematurity and no right of action. I write separately to note that given the clear and unambiguous pronouncement of the legislature in La. R.S. 9:5605, the Louisiana Supreme Court’s holding in Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, and our holding in Jeansonne v. Attorney’s Liability Assur. Soc., 2003-1985 (La.App. 4 Cir. 12/15/04), 891 So.2d 721,[1] the dilatory exception of prematurity *572 is not applicable to a cause of action for legal malpractice.
Accordingly, I respectfully concur.

. Prescription begins to run when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice. Turn-bull v. Thensted, 99-0025, p. 8, (La.App. 4 Cir. 3/1/00), 757 So.2d 145, 150.