**EVANGELINE TELEPHONE CO., INC., Plaintiff,**

**v.**

**AT & T COMMUNICATIONS OF the SOUTH CENTRAL STATES, INC., Defendant.**

**Civil Action No. 3:94–1457.**

United States District Court, W.D. Louisiana, Monroe Division.

Dec. 19, 1995.

Charles H. Ryan, Boles Boles & Ryan, Monroe, Louisiana, for plaintiff, Evangeline Telephone Co., Inc.

W. Michael Adams, Edwin H. Byrd, III, Blanchard, Walker, O'Quinn & Roberts, Shreveport, for defendant, AT & T Communications of the South Central States, Inc.

## MEMORANDUM RULING AND ORDER

MELANÇON, District Judge.

Before the Court are an appeal from a decision of a panel of arbitrators filed by the plaintiff and motions to dismiss, for summary judgment, and for sanctions filed by the defendant. After considering the argument of counsel and an independent review of the applicable law the Court grants the motion to dismiss the appeal and denies all remaining motions.

### The Factual Background

Plaintiff Evangeline Telephone Company, Inc., and defendant AT & T Communications of the South Central States, Inc., submitted a contract dispute to arbitration. The panel of arbitrators subsequently issued a decision rejecting the claims made by the parties.

Plaintiff then filed an appeal and motion to vacate the decision of the arbitrators pursuant to a provision of the Louisiana Civil Code to which defendant responded with a motion to dismiss the appeal and motion to vacate. Defendant later filed a motion for summary judgment on the legal basis of the appeal and a motion for sanctions against plaintiff counsel. Plaintiff opposed each motion.

### The Motion to Dismiss

■ When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) a court is to accept the plaintiff's factual allegations as true, *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995), and determine if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id., citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Dismissal is proper "if the complaint lacks an allegation regarding a required element necessary to obtain relief." 2A *Moore's Federal Practice,* ¶ 12.07.

■ Plaintiff cites Louisiana Civil Code Article 3130 as the basis for its appeal. Specifically, plaintiff alleges that the decision of the arbitrators is "contrary to and unsupported by the evidence and contrary to law and fails to recognize and enforce the contract between the parties." *Plaintiff's Appeal from Decision of Arbitrators,* ¶ 7. Admittedly, Article 3130 provides a statutory right to an appeal from an arbitration and, as it does not limit this right, would defeat the motion to dismiss if it stood alone. Plaintiff's exclusive reliance on Article 3130, however, improperly ignores the Louisiana Arbitration Law. *See* LSA–R.S. 9:4201 *et seq.* (West 1991).

■ Unlike Article 3130, the LAL substantially limits the grounds on which an appeal from an arbitrator's decision may be taken. Although there is a basis to find that the enactment of the LAL repealed Article 3130, *see* 1928 La.Acts No. 262 § 18 ("[a]ll acts and parts of acts inconsistent this act are hereby repealed"), out of deference to plaintiff the Court will assume that Article 3130 remains in effect. This does not mean that the Court will also ignore the LAL; a court faced with two pieces of conflicting legislation is to reconcile them as best as possible. *State v. Piazza,* 596 So.2d 817, 819 (La.1992). When provisions of the two acts can not have "concurrent operation" the terms of the later act control. *Id.*

§§ 4210 and 4211 of the LAL limits review of an arbitration to instances involving corruption, fraud, undue means, partiality, other misconduct, where the arbitrators either exceeded their authority or "so imperfectly executed them" that a mutual final decision was not made, where the arbitrators made an evident miscalculation, or made their decision on a matter not before them. Assuming that

Article 3130 has not been repealed, the effect of the LAL would be to temper the right to an appeal provided by the Civil Code and allow the appeal only in those defined instances. This is the only interpretation of the two acts which resolves the facial inconsistencies between them.

▪ Plaintiff has not made any allegations that trigger the relief under the LAL. As such, even assuming plaintiff could prove that the decision is "contrary to and unsupported by the evidence and contrary to law and fails to recognize and enforce the contract between the parties", *Plaintiff's Appeal from Decision of Arbitrators*, ¶ 7, Louisiana arbitration law would not provide it with any relief.

Nor does plaintiff's alternative theory sufficiently counter the motion to dismiss. In its motion to vacate the decision of the arbitrators plaintiff alleges that "the arbitrators may have exceeded their authority." *Id.*, ¶ 8. This result, however, is only reached "if it is determined by this court that the claims of Evangeline against AT & T were rejected for the reasons that the claim of Evangeline was not timely asserted under the contract." *Id.* The United States Court of Appeals for the Fifth Circuit has recognized that when parties agree to arbitration they agree to accept whatever reasonable uncertainties might arise from the process. *McIlroy v. Paine–Webber, Inc.*, 989 F.2d 817, 821 (5th Cir. 1993). Plaintiff's allegation is nothing more than sheer speculation; to revisit the decision of the arbitrators absent a specific allegation of fact is not provided for by the LAL and would subvert the arbitration process.

▪ Defendant also contends that the Federal Arbitration Act, 9 U.S.C.A. § 1 (West 1970 & Supp.1995) *et seq.*, applies to this dispute and preempts Article 3130. The threshold requirement of the FAA is that the arbitration agreement at issue involved interstate commerce; review of such an arbitration agreement is strictly limited by the act. *See* §§ 2, 10.

As indicated above, a motion to dismiss is to be weighed solely on the allegations of the complaint, or in this case the appeal and motion filed by plaintiff. Nowhere in this initial pleading does plaintiff allege that the arbitration agreement involved interstate commerce. Without such an allegation the Court can not find that the FAA applies to this dispute.

### The Motion for Sanctions

Also before the Court is a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 filed by defendant. Defendant contends that the purported appeal from the decision of the arbitrators is a frivolous claim under FRCP 11(b)(2) in that there is no basis in law for such a claim on the facts of this case.

Although the Court recognizes that under the present state of Louisiana law plaintiff's initiating this action tests the limits of FRCP 11(b)(2), it chooses to exercise the discretion Congress has given it under FRCP 11(c) and will not impose a sanction in this instance.

### The Motion for Summary Judgment

In light of the Court's resolution of the motion to dismiss the motion for summary judgment filed by defendant need not be addressed.

### CORRECTED ORDER

In accordance with the Memorandum Ruling issued December 19, 1995,

IT IS ORDERED that the Motion to Dismiss Appeal from Decision of Arbitrators filed by defendant AT & T Communications of the South Central States, Inc., be granted and that the Appeal from Decision of Arbitrators filed by plaintiff Evangeline Telephone Co., Inc. be dismissed;

IT IS FURTHER ORDERED that the motion to vacate arbitration award filed by plaintiff Evangeline Telephone Co., Inc. be denied;

IT IS FURTHER ORDERED that the motion for sanctions filed by defendant AT & T Communications of the South Central States, Inc. be denied; and

IT IS FURTHER ORDERED that the motion for summary judgment filed by defen-

dant AT & T Communications of the South Central States, Inc. be denied as moot.