WEIMER, J.,
concurring.
LI agree that the arbitration clause considered in this matter cannot be enforced to preclude the former clients’ malpractice lawsuit. However, I respectfully disagree to the extent the opinion suggests that other arbitration clauses may be enforceable so long as certain disclosures are made. Because of the time limitations currently applicable to malpractice claims against attorneys, there exists a potential peremptive trap which can cause a client’s claim to be extinguished if brought to arbitration, although the claim would have been timely if filed as a lawsuit. The existence of such a trap, described further below, cannot be cured by disclosures in an attorney’s retainer agreement. Consequently, an arbitration clause addressing malpractice cannot satisfy the fairness and reasonableness requirements correctly identified by the majority.
The timeliness of a malpractice claim is measured by La. R.S. 9:5605, which provides in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought [¿unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
*1081 La. R.S. 9:5605(A). This measure of timeliness is a peremptive-not prescriptive-period of time. See La. R.S. 9:5605(B). As peremptive periods, the limitations periods described in La. R.S. 9:5605(A) “may not be renounced, interrupted, or suspended.” See La. R.S. 9:5605(B) quoting La. C.C. art. 3461. Because peremption cannot be interrupted, if arbitration is not concluded within the peremptive period, an attorney might assert that any malpractice claim is extinguished.
Therein lies the trap. Even if an arbitration claim were timely when arbitration was initiated, if no arbitral award to the client is made within one year from initiating the arbitration or three years from the attorney’s act of alleged malpractice, then the arbitrator (or a court called upon to confirm any award to the client) under a literal interpretation of Louisiana’s per-emption law would likely find that any right to recover had been extinguished. Whether there was any delay attributed to the arbitrator or to the attorney would be immaterial.
This court already addressed, in Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, a somewhat similar situation-namely a client’s delay in filing a lawsuit when the delay was reportedly attributable to the attorney. After noting that “nothing may interfere with the running of a peremptive period,”[1] this court ruled that even though the client urged that his attorney’s efforts for a time concealed the effects of earlier malpractice, if the maximum peremptive period of three years has expired ^before the client brings a lawsuit, then the client’s claim is nevertheless time-barred. See Reeder, 97-0239 at 7-12, 701 So.2d at 1296-99.
This court also recently ruled that if a former client seeks relief in the wrong venue, such is fatal for a legal malpractice claim if it is found that the claim was not lodged (or returned if transferred) to a proper forum within the peremptive period of one year. See Land v. Vidrine, 10-1342, pp. 9-10 (La.3/15/11), 62 So.3d 36, 42. Therefore, because peremption cannot be stopped without fulfilling conditions described by statutory law (such as filing a lawsuit in a court of competent jurisdiction and proper venue under La. R.S. 9:5605(A)), the trap of losing a claim is inescapable if initiating an arbitration does not satisfy the statutory law of peremption.
The Louisiana Civil Code provides that the initiation of an arbitration will satisfy prescriptive periods, but the Code is silent on this topic regarding peremptive periods. See La. C.C. art. 3105 (entitled “Duration of power of arbitrators; prescription”) which in section (B) provides that “[prescription is interrupted as to any matter submitted to arbitration from the date of the submission and shall continue until the submission and power given to the arbitrators are put at an end.” Book III, Title XIX of the Louisiana Civil Code, entitled “Of Arbitration” does not mention, however, peremptive periods. Consequently, just as a lawsuit filed in a wrong venue can be dismissed if not transferred back to the proper venue within the peremptive period of one year, because the Civil Code has no mechanism to prevent the running of per-emption in connection with a matter that has been submitted to arbitration, an arbitration not concluded within one year cannot yield an award favorable to the client. Either the arbitrator may find that “per-emption ... extinguishes or destroys the *1082 [claimant’s] right” to recovery after the peremptive period has run (Reeder, 97-0239 at 12, 701 So.2d at 1298), or even if the arbitrator issues an award favorable to the | ^client, a court may refuse to enforce the award. See FIA Card Services, N.A. v. Weaver, 10-1372, p. 5 (La.3/15/11), 62 So.3d 709, 712 (“For an arbitral award to be made enforceable by law, it must first be confirmed by a court.”).
In an effort to show that their arbitration clause is fair and reasonable to their former clients and does not contain a time trap resulting in the extinguishment of any right for the former clients to recover, defendants in the instant case argue that Louisiana’s law on peremption is preempted by the Federal Arbitration Act (FAA). If the time limitations of La. R.S. 9:5605 are preempted by the FAA, then a former client’s claim would not be extinguished after the elapse of one year from initiating arbitration. While there is much equitable allure to that argument, there is little direct legal authority to support it. Instead, much persuasive authority suggests that under the law as it currently stands, Louisiana’s peremption statute would apply to an arbitration governed by the FAA.
For example, because “[t]he FAA contains no express pre-emptive provision”[2] and because the FAA contains no limitations period for initiating arbitration,[3] it appears the following jurisprudential principle would call for application of Louisiana’s peremptive period: “When a federal statute fails to specify a limitations period within which federal claims may be brought, the courts usually borrow the most analogous period under state law.” Robinson v. Pan American World Airways, Inc., 777 F.2d 84, 86 (2nd Cir.1985). See also 3 Thomas H. Oehmke, Commercial Arbitration § 49:8 (2008) (“A state statute of limitations can bar an arbitration claim (otherwise governed by the FAA).”).
[ ¿Moreover, there is always the likelihood that an arbitration involving a Louisiana client and a Louisiana lawyer involves strictly intrastate — not interstate — commerce and could not be governed by the FAA in the first place; hence, Louisiana law could in no way be preempted. See, e.g., Evangeline Telephone Co., Inc. v. AT & T Communications of South Central States, Inc., 916 F.Supp. 598, 600 (W.D.La. 1995) (ruling that because a party to a contract seeking to vacate an arbitration award did not allege that an arbitration agreement involved interstate commerce such as was required to bring claim under the FAA, the court could not apply the FAA and could not consider the party’s argument that the FAA preempted Louisiana law).
In conclusion, and without a finite resolution to the interplay between peremption and arbitration, I cannot find that an arbitration clause within a retainer agreement is fair and reasonable to the extent the arbitration clause is invoked for a malpractice claim. I also believe such a resolution requires legislative enactment. As this court has previously noted, “The Legislature was aware of the pitfalls in [the malpractice] statute but decided, within its prerogative, to put a three-year absolute limit on a person’s right to sue for legal *1083 malpractice, just as it would be within its prerogative to not allow legal malpractice actions at all.” Reeder, 97-0239 at 9, 701 So.2d at 1297. If the legislature wishes to allow the initiation of an arbitration to be the functional equivalent of filing a lawsuit in a court of proper jurisdiction and venue, then just as La. C.C. art. 3105(B) provides that the initiation of an arbitration will satisfy prescriptive periods, the legislature could amend the law.

. Reeder, 97-0239 at 12, 701 So.2d at 1298, quoting Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 723 (La.1986).

. Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 477, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)

. See generally, 9 U.S.C. §§ 1-16; compare Id. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.”). Thus, the FAA provides a time limitation for contesting an award, but does not dictate a time limitation for initiating arbitration.