l1LOBRANO, Judge.
This is a legal malpractice action in which the trial court held that if the defendant-attorney had timely filed suit on behalf of plaintiffs, they would have been successful in their claim against the State for rental ar-rearages and therefore the negligent attorney must pay those arrearages. While this matter was pending appeal in this court, the Louisiana Supreme Court decided Reeder v. North, 97-0239 (La.10/2/97), 701 So.2d 1291 (La.1997), which is dispositive of the prescriptive/peremptive defense issue raised by defendant-appellant, but not addressed by the trial judge. We reverse and remand.

FACTS-AND PROCEDURAL HISTORY:

The facts are basically uncontested. In June of 1983, Stanford Latter and Robert L. Yuspeh, plaintiffs, retained J.B. Kiefer and his law offices[1] to represent them in a claim against the State for rental arrearages and reimbursement of a pro rata share of utility costs. Kiefer’s suit on behalf of plaintiffs, was filed on November 18, 1985. It was met with an exception of prescription. The trial court upheld the State’s prescriptive plea and the First Circuit Court of Appeal 2affirmed that decision on March 12, 1993. Supervisory writs were denied by the Louisiana Supreme Court on May 14, 1993. On September 13, 1993, the plaintiffs filed the instant malpractice suit against Kiefer. In addition to defending the matter on the merits, Kiefer also filed an exception of prescription/per-emption. The trial court ruled in plaintiffs favor on the merits. The judgment, however, is silent on the preseriptive/peremptive plea.
Kiefer appeals the trial court ruling which found that plaintiffs’ underlying suit against the State would have been successful if it had been filed timely, As an alternative plea, Kiefer reurges his prescriptive/peremption plea citing Reeder v. North, supra. As we initially noted, Reeder is dispositive.
Louisiana Revised Statute 9:5605 provides that a legal malpractice claim must be filed within one year from the date of the alleged *538 act, omission or neglect or within one year after the negligent act is discovered or should have been discovered. The statute further provides that even as to actions filed within one year of discovery “in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission or neglect.” In Reeder, the Supreme Court held that the one and three year time periods are peremptive, cannot be suspended or interrupted, and thus the “continuous representation” rule of Lima v. Schmidt, 595 So.2d 624 (La.1992) is no longer applicable.[2] Because the client in Reeder sued the defendant-attorney more than three years after he committed the alleged negligent act, the court ruled that the malpractice suit was untimely. The court, however, remanded the matter to permit plaintiff to amend his pleadings to assert the unconstitutionality of La. R.S. 9:5605 since that issue |swas initially raised by plaintiff in his opposition memorandum at the trial level and was preserved at the appellate level.[3]
It is undisputed that the error complained of in this case occurred sometime prior to November 18, 1985, the date the State was sued. Kiefer was not sued until September 13, 1998. Subsection B of R.S. 9:5605, added in 1992, provides that when the negligent act arises prior to September 7, 1990, the malpractice action must, in all events, be filed prior to September 7, 1993, without regard to the date of discovery of the neglect. As the feeder.court found with a similar chronology, plaintiff’s legal malpractice suit is perempted.[4]
After Reeder was decided, plaintiffs filed a motion with this court seeking a remand so that they could challenge the constitutionality of La. R.S. 9:5605. However, unlike the Reeder plaintiffs, the plaintiffs in this case never asserted any constitutional arguments at the trial level. It has been raised for the first time on appeal. For that reason, Kiefer opposes a remand.
It is well established that a statute must be first questioned in the trial court and not at the appellate level. The unconstitutionality of a statute must be specially pleaded. It cannot be raised in a memorandum, opposition or brief since those are not pleadings. Reeder v. North, supra at p. 14, 701 So.2d at 1299, quoting Vallo v. Gayle Oil Co., Inc., 94-1238 (La.11/30/94), 646 So.2d 859. Furthermore, the State of Louisiana, through the attorney general, should be | 4notified when the constitutionality of a statute is under consideration. La. R.S. 13:4448.[5]
In the instant case, equity suggests that since the court of appeal decision in Reeder was favorable to plaintiffs’ position in this case, there was no need to attack the constitutionality of La. R.S. 9:5605 at that time. Conversely, however, the statute’s peremptive language seems clear and unambiguous.[6] Applying that language to the facts of this ease should have suggested a need to raise the statute’s constitutionality once the defendant raised prescription/per-emption as a defense.[7]
*539 Weighing these factors in light of the law’s “liberal approach toward allowing amended pleadings in order to promote the interests of justice,” we order a remand to allow plaintiffs-to amend their pleadings, if they can, to assert that their claim is not perempted. La. C.C. Pro. art. 934. Reeder, supra at p. 15, 701 So.2d at 1299.
REVERSED AND REMANDED.

. The defendants in judgment are J.B. Kiefer and Kiefer and Rudman, A Professional Law Corporation.

. Subpart B of La. R.S. 9:5605 specifically states that the one and three year limitation periods are peremptive.

. The Louisiana Fifth Circuit did not address the constitutionality issue nor allow the plaintiff to supplement his petition because it ruled that prescription had not accrued and therefore the constitutionality issue was mooted.

. In Reeder, the alleged malpractice occurred July of 1989 and suit was not filed until September 15, 1994.

. See also, La. C.C.Pro. art. 1880; La. R.S. 49:257(B).

. During oral argument, the case of Perez v. Shook, 97-0420 (La.App. 4th Cir. 12/3/97), 703 So.2d 821, was brought to the court's attention. There, we applied the “continuous representation” rule of prior jurisprudence and used the one year prescriptive period of Civil Code article 3492. We interpreted Lima v. Schmidt, 595 So.2d 624 (La.1992) to hold that R.S. 9:5605 was not applicable where the alleged negligent act arose prior to 1990, the statute’s enactment date. However, the Perez case was argued and submitted on September 9, 1997, before Reeder was decided and more importandy, the malpractice suit in the Perez case was filed on September 3, 1993, within Subsection B's cut off date of September 7, 1993.

.Arguably, not even Kiefer knew he made a mistake until a court told him his filing was too late. It would seem logical to start the time limitation at that point, even though the plaintiffs had no knowledge of the mistake. However, that *539 is not what R.S. 9:5605 or Reeder v. North says. Regardless, these factors convince us that, as applied to this case, justice requires a closer scrutiny of the constitutionality issue.