**Billy C. FAUBION, Jo Ann Faubion and Faubion Freight, Inc.**

v.

**H. Gayle MARSHALL.**

No. Civ.A.–99–1730.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Feb. 24, 2000.

Bradley L. Drell, Walker Passman & Michiels, Alexandria, LA, for Appellants.

T. Brett Brunson, Natchitoches, LA, Pro se.

Emmett C. Sole, H. Alan McCall, Stockwell Sievert et al., Lake Charles, LA, for H. Gayle Marshall, Appellee.

## DECISION ON APPEAL

LITTLE, Chief Judge.

Before this court is an appeal by Billy C. Faubion, Jo Ann Faubion, and Faubion Freight, Inc. from the United States Bankruptcy Court. For the following reasons, we affirm the bankruptcy court's awarding of summary judgment to appellee H. Gayle Marshall.

### Background

In 1995, Faubion Truck Lines, Inc. was faced with contingent workers' compensation claims for which it had no insurance. Appellee, the lawyer for the appellants at the time, performed legal services for the appellants which resulted in certain of the assets and liabilities being transferred to Faubion Freight, Inc., a newly formed company. The transfer occurred on 30 November 1995. The new company was to pay the existing notes secured by the transferred assets. The unsecured liabilities—including the contingent worker's compensation claims—would remain with the old company. On 10 January 1996, Hibernia Bank, one of the creditors, advised appellee and appellants that it did not consent to the transfer of the assets. On 3 May 1996, Faubion Truck Lines—the old company—filed for voluntary bankruptcy. On 12 February 1997, the trustee for Faubion Truck Lines filed an adversarial proceeding against the appellants. On 3 April 1998, the appellants filed the third-party complaint that is the basis of this appeal.

### Analysis

■ This court reviews granting of summary judgments by the bankruptcy court *de novo. See Seatrax, Inc. v. Sonbeck Int'l Inc.,* 200 F.3d 358, 363 (5th Cir.2000) In order to be awarded summary judgment, the movant must demonstrate that he is entitled to judgment as a matter of law based on a construction of facts not reasonably in dispute. *See id.* at 363–64; FEDERAL RULE OF CIVIL PROCEDURE 56(c).

■ Appellee argued before the bankruptcy court—and argues before this Court—that appellants' claims are prescribed. LSA–R.S. 9:5605 provides the relevant legal standard:

A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue *within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered;* however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest

within three years from the date of the alleged act, omission, or neglect. LSA–R.S. 9:5605 (emphasis added). When appellee informed appellants that Hibernia did not consent to the transfer of assets on which Hibernia held security interests and that it viewed the transfer as a default, the appellants were then in possession of information that should have made them aware of the possible legal malpractice committed by the appellee. As the lower court noted,

> [B]y January 10, 1996, when Hibernia "blew the whistle," Billy Faubion understood that the transfer scheme had failed. By his own admission, within the January 10, 1996 "time frame," he returned to the attorney who sent him to Mr. Marshall in the beginning, Mr. Reischman, and discussed Mr. Marshall's failure to obtain Hibernia's consent. . . . With the payments made to Hibernia between February 25, 1996 and March 18, 1996, the affairs of the Faubion defendants were winding down to the inexorable conclusion ... the ultimate ruin of Faubion Freight, the successor corporation. . . . While the Faubions ... may not have realized the full extent of their damages, they knew the transfer scheme had ended very badly.

*In re Faubion Truck Lines, Inc.*, No. 96–80602, slip. op. at 9 (Bankr.W.D.La. Aug. 30, 1999). The appellants filed their third-party demand against appellee on 3 April 1998. This was more than one year after Hibernia "blew the whistle" thereby informing appellants of the facts that should have reasonably led to the discovery of their legal malpractice claim.

█ Appellants argue that they could not have known of appellee's errors until he withdrew his representation of them on 8 April 1997.[1] Appellants would then have filed the third-party demand within the one-year period commanded by law. This argument relies upon the continuous representation rule that was expressly rejected in *Reeder v. North*, 701 So.2d 1291 (La.1997). Appellants seek to avoid that clear rejection by arguing that it only applies to the three-year period in the statute. That argument misses the mark. The statute indicates that *both* the one-year and three-year periods are peremptive and therefore cannot be suspended. *See id.* at 1298. *Reeder's* analysis is squarely on point. *See id.* at 1298 ("As a suspension principle based on *contra non valentem*, the 'continuous representation rule' cannot apply to peremptive periods. This is clear from the wording of La.R.S. 9:5605 ('[t]he one-year and three-year periods of limitations ... are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended') and of Civil Code article 3461 ('[p]reemption may not be renounced, interrupted, or suspended.').") (footnote omitted).

### Conclusion

For the foregoing reasons, the decision of the bankruptcy court is AFFIRMED.

---

1. The appellants argue that appellee committed a second, independent act of legal malpractice when he structured the transaction between the Faubion companies in such a way as to expose the Faubions to liability to a creditor or a Trustee in bankruptcy. However, this argument doesn't get out of the starting blocks as the Trustee sued the appellants on 12 February 1997, more than a year before the appellants filed their third-party demand.

Appellants should have known that something was awry at that point. As a Louisiana state court has noted,

> Under such circumstances, a layman may not escape commencement of prescription by asserting that his ability to comprehend and evaluate the facts is limited.

*Smith v. Boothe*, 669 So.2d 682, 685 (La.App. 2d Cir.1996), *writ denied*, 672 So.2d 928 (La. 1996).