IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-30563


MAX HART, Etc.

Plaintiff,

VERSUS


BYLES WELDING & TRACTOR, INC., ET AL.,

Defendants,

BYLES WELDING & TRACTOR, INC.,

Defendant-Third Party Plaintiff-Appellant,

VERSUS

RONALD BRANDON,

Third Party Defendant-Appellee.


Appeal from the United States District Court
For the Western District of Louisiana
99-CV-818

March 7, 2002


Before ALDISERT[*], DAVIS and PARKER, Circuit Judges.

PER CURIAM:[**]

---

[*]Circuit Judge of the Third Circuit, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hart entered into an agreement with Appellant Byles Welding & Tractor to repair Hart's logging equipment. After Byles Welding was unable to collect for the repairs from Hart's insurer, it unsuccessfully attempted to collect from Hart. Clauriste Byles ("Byles") hired Ronald Brandon, an attorney, to assist him in collecting the payment. Attorney Brandon advised Byles that he could legally advertise and sell Hart's equipment at a private sale. Following the advice, Byles advertised the equipment for sale. Finding no other bidders, Byles purchased the equipment himself for the amount of the repairs. Hart filed this suit on May 7, 1999, alleging that Byles had converted his property and conducted a wrongful sale. Byles sought a second opinion on the legality of the sale from retired state judge John S. Pickett, Jr., who wrote a letter to Byles on May 26, 1999 stating that he believed that the sale was unlawful. Byles filed a complaint alleging malpractice against Brandon on August 4, 2000. The district court granted Brandon's motion for summary judgment, and denied Byles' motion to add Conine, an attorney that represented him in the suit brought by Hart.

We review a grant of summary judgment *de novo*, applying the same standards as the district court, while viewing all disputed facts and reasonable inferences in the light most favorable to the

2

nonmoving party.[1] Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2]

Louisiana law requires that all legal malpractice actions must be brought within "one year from when the alleged negligence is or should have been discovered or three years from the date of the alleged negligence, regardless of when it was discovered."[3] The district court held that Appellant knew or should have known that malpractice may have been committed at the end of May, because it was sued by Hart on May 7th and had received a letter from a retired judge stating his belief that the sale was illegal. Because Appellant filed the instant action over one year later, the district court held that Appellant's claim was time-barred.

Appellant argues that the principle of *contra non valentem* precludes the operation of the Louisiana statute. The Louisiana Supreme Court has already determined, however, that this principle cannot apply to peremptive periods, of which La. R.S. 9:5605 is an example.[4] The Louisiana Supreme Court has also squarely rejected Appellant's contention that prescription does not begin to run

---

[1] *McClendon v. City of Columbia*, 258 F.3d 432, 435 (5th Cir. 2001).

[2] FED. R. CIV. P. 56(C).

[3] *Turnbull v. Thensted*, 757 So. 2d 145, 149 (La. Ct. App. 2000).

[4] *Reeder v. North*, 701 So. 2d 1291, 1298 (La. 1997).

until damage is sustained, holding that the "statute may seem unfair in that a person's claim may be extinguished before he realizes the full extent of his damages, [but] the enactment of such a statute of limitations is exclusively a legislative prerogative."[5]

Appellant also argues that the district court erred by refusing to permit him to add another party to the suit. Although leave to amend pleadings "shall be freely given when justice so requires,"[6] the decision to grant or deny a motion to amend is within the district court's discretion. The district court denied Appellant's motion because it was untimely, and "[w]e often have affirmed denials of motions to amend when the motions have been untimely filed."[7] The district court did not abuse its discretion.

Appellant's claims are without merit, and the district court's decision is AFFIRMED.

---

[5] *Id.* at 1296.

[6] FED. R. CIV. P. 15(a).

[7] *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991).