h GOTH ARP, J.,
concurring.
The malpractice occurred in October of 1996; however, the plaintiff did not discover it until August of 2001, well after the action had been preempted. Although the result reached may be perceived as unfair, it is mandated by the Legislature.
While the terms of the legal malpractice statute of limitations statute may seem unfair in that a person’s claim may be extinguished before he realizes the full extent of his damages, the enactment of such a statute of limitations is exclusively a legislative prerogative.
[[Image here]]
The Legislature was aware of the pitfalls in this statute but decided, within its prerogative, to put a three-year absolute limit on a person’s right to sue for legal malpractice, just as it would be within its prerogative to not allow legal malpractice actions at all. See, May 29, 1990 Minutes of the Civil Law and Procedure Committee of the Louisiana House of Representatives, House [Pg 9] Bill No. 1338 (John deGravelles, from the Louisiana Trial Lawyers Association testified that the LTLA opposed any bill that provides a three-year peremptive period because it could extinguish a cause of action before it arises and was thus unfair and raised basis constitutional questions. Nevertheless, the Bill was reported favorably by the Committee by a unanimous vote.). Thus, while a three-year peremptive period may not be particularly generous, “it is not our role to consider the policy or the wisdom of the [Legislature] in adopting the statute.”
Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, 1297.
laWhile I am sympathetic to the plaintiffs, whose cause of action was preempted before they discovered it and thus before they knew to file a claim, I recognize that the result reached is legally correct. Accordingly, I respectfully concur.