CRAIN, J.
I ¡.River Parish Financial Services, LLC (RPFS), appeals the judgment of the trial court denying the relief requested in its revocatory action against London Gill and B.W. Gill. We affirm.
FACTS AND PROCEDURAL HISTORY
RPFS holds a money judgment against London Gill and instituted this revocatory action seeking to annul London Gill’s donation of immovable property to B.W. Gill, which RPFS contends increased London Gill’s insolvency. In its original petition filed November 7, 2011, RPFS alleged that the donation to B.W. Gill was accomplished by an act of donation dated July 8, 2011. In its amended petition filed July 10, 2014, RPFS alleged that the same immovable property had been donated to B.W. Gill by an act of .donation dated December 1,2006, which was not recorded until September 20, 2010. RPFS asserted that it learned of the 2006 donation in September 2011.
B.W. Gill objected to the revocatory action, claiming that it was barred by operation of ■ peremption. [1] 'The trial court agreed, reasoning that RPFS was seeking to annul the 2005 donation and RPFS’s suit, filed more than three years after the 2005 donation, was untimely. Accordingly, the trial court dismissed the revocatory action. RPFS now appeals, arguing that the 2005 donation was not effective against it until it was recorded in the public records, and therefore the revocatory action, filed within one year of the donation’s re-cordation, was timely.
DISCUSSION
An obligee has a right to annul an act of the obligor, made or effected after the right of the obligee arose, that increases the obligor’s insolvency. See La. Civ. Code art. 2036; see also La. Giv.Code arts. 2037-43. However, the obligee’s revocato-ry action is subject to a one-year prescriptive period that begins on the date the obligee learned or should have learned of the act, and a three-year [speremptive period that expires three years from the date of the act. See La. Civ.Code art. 2041; *183 London Towne Condominium Homeowner’s Ass’n v. London Towne Co., 06-401 (La.10/17/06), 939 So.2d 1227, 1234. The issue raised by RPFS on appeal is whether the prescriptive and peremptive periods were triggered on the date the act of donation was executed .or the date the act of donation was recorded in the public records. ...
Resolution of the issue raised on appeal turns on the meaning of “the act” in Louisiana Civil Code article 2041. The starting point for the interpretation of any codal article is the language of the article itself. Doe v. East Baton Rouge Parish School Bd., 06-1966 (La.App. 1 Cir. 12/21/07), 978 So.2d 426, 436, unit denied, 08-0189 (La.3/28/08), .978 So.2d 306. The words of the article must be given their generally prevailing meaning. Doe, 978 So.2d at 436. When the article is then clear and unambiguous and its application does not lead to absurd consequences, the article shall be applied as written and no further interpretation may be made in search of legislative intent. La. Civ.Code art. 9; see also La. R.S. 1:4; In re Clegg, 10-0323 (La.7/6/10), 41 So.3d 1141, 1154 (per cu-riam ).
Article 2041 pertinently provides:
The action of the obligee must be brought within one year from the time he learned or should have learned of the act, or the result of the failure tp act, of the obligor that the obligee seeks to annul, but never after three years from the date of that act or result.[1]
Article 2041 clearly sets forth that when the obligee seeks to annul an act, the peremptive period expires three years from the date of that act, referring to “the act .;. that the obligee seeks to annul.” See London Towne Condominium Homeowner’s Ass’n, 939 So.2d at 1235. Here, it is undisputed that the RPFS seeks to annul an act of London Gill, namely the 2005 act of donation. Under a | 4plain reading of Article 2041, RPFS’s revocatoiy action was perempted three years after the 2005 act of donation, or in 2008.[2]
RPFS argues that because the act of donation affected immovable property, it was null and void as to third persons until recorded, and therefore the three-year peremptive period could not commence, until that time,
The Louisiana Supreme Court has rejected a similar, argument with respect to commencement of the . prescriptive period set forth in Article 2041. In London Towne Condominium Homeowner’s Ass’n, the court held that recordation in the public records' does not determine the date that the one-year prescriptive period begins .when the obligee seeks to annul an act of the obligor (as opposed to the obli-gor’s failure to act). 939 So.2d at 1235. This is because the prescriptive period begins on the date the obligee learned or should have learned of the act it is seeking' to annul, and the public records doctrine does not constitute constructive notice to third parties under Article 2041. See London Towne Condominium Homeowner’s Ass’n, 939 So.2d at 1233-34. Further, the court reasoned, Article 2041 clearly states that prescription begins to run from the date the obligee learned or should have learned of the act, not the date the obligee knows the act has caused or increased the obligor’s insolvency. London Towne Con *184 dominium Homeowner’s Ass’n, 939 So.2d at 1234. The supreme court also recognized that Article 2041 clearly provides that the revocatory action .is perempted three years from the date of the act, which the court identified as the sale of the immovable property at issue, not the act of sale’s recordation. London Towne Condominium Homeowner’s Ass’n, 939 So.2d at 1234.
In asserting that the peremptive period cannot commence until the act of donation was filed into the public records, RPFS essentially argues a variation on [fithe doctrine of contra non valentem.[3] However, peremption may not be renounced, interrupted, or suspended. La. Civ.Code art. 3461. “[Njothing may interfere with the running of a peremptive period,” and it cannot, therefore, be extended by the obli-gor’s failure to record an act of donation in the public records. See Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, 1298. The result in this case is that RPFS’s claim was extinguished before it realized its damages. The supreme court recognized the possibility of such a result, but conceded that the enactment of such a statute of limitations is exclusively a legislative prerogative, and the clearly stated terms of prescriptive/peremptive statute of limitations set forth in Article 2041 must be interpreted as written.
The trial court was correet in concluding that RPFS’s revocatory action was extinguished by operation of peremption three years after the 2005 act of donation, and in denying the relief requested .by RPFS.[4]
CONCLUSION
For the reasons set forth, the judgment of the trial court is affirmed. Costs of this appeal are assessed to River Parish Financial Services, LLC.
AFFIRMED.
PETTIGREW, J., concurs and assign reasons. '
HIGGINBOTHAM, j., dissents;

. Article 2041 further provides that the thee-year period set forth therein shall not apply in cases of fraud. RPFS has not alleged that this is a case of fraud that would render the peremptive period set forth in Article 2041 inapplicable.

. Since both the original and amending petition were untimely, we do not consider B.W. Gill’s argument that the amended petition does not relate back to the date the original petition was filed.

. The Louisiana Supreme Court has explained the doctrine of contra non valentem as:
a judicially-created doctrine which has been applied to prevent the running of prescription in four distinct situations:
(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) where there was some condition coupled with the contract or, connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
(4)where the cause of action is not known or reasonably knowable by the' plaintiff, even though his ignorance is not -induced by the defendant.
Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, 1298 n. 4.

. RPFS has not asserted any other attack on the validity of the 2005 act of donation and, as we find that it cannot be annulled through the untimely revocatory action, RPFS’s attack on the subsequent 2011 act of donation is moot. The donation was accomplished , through the 2005 act of donation.