KAREN COHEN KINNETT

VERSUS

JARRED BRANDON KINNETT

NO. 17-CA-625

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 768-195, DIVISION "E"
HONORABLE JOHN J. MOLAISON, JR., JUDGE PRESIDING


March 23, 2018


**PER CURIAM**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois


**APPEAL STAYED AND SOLE ISSUE REMANDED**
   **FHW**
   **SMC**
   **JGG**

COUNSEL FOR PLAINTIFF/APPELLEE,
KAREN COHEN KINNETT
    Allison K. Nestor

COUNSEL FOR DEFENDANT/APPELLEE,
JARRED BRANDON KINNETT
    Tracy G. Sheppard
    Jacqueline F. Maloney

COUNSEL FOR INTERVENOR/APPELLANT,
KEITH EDWARD ANDREWS
    Thomas A. Robichaux
    Stephanie A. Fratello
    Sharon L. Andrews
    Desiree M. Valenti

COUNSEL FOR MINOR/APPELLEE,
G. J. K., MINOR CHILD
    Ramona G. Fernandez

**WICKER, J.**

Appellant-Intervenor, the biological father of G.J.K,[1] seeks review of the

trial court's judgment sustaining the exception of peremption filed by Appellee-

Defendant, G.J.K.'s legal father, resulting in a dismissal of Appellee-Intervenor's

petition to establish paternity. For the following reasons, given the unique facts of

this case and in the interest of justice and judicial economy, we stay the pending

appeal of the trial court's judgment sustaining the exception of peremption and

remand this matter to the trial court so as to afford the parties the opportunity to

properly challenge the constitutionality of La. C.C. art. 198, which sets forth the

period of time within which a biological father must institute an action to establish

his paternity.

## FACTUAL AND PROCEDURAL BACKGROUND

This is an avowal action by an unmarried man, K.A., to establish paternity of

a child, G.J.K. At the time of G.J.K.'s birth, his biological mother was married to

J.B.K. On January 20, 2017, the child's mother filed a petition for divorce from

J.B.K. In the petition for divorce, the mother sought joint custody of the couple's

first child, B.A.K., and sole custody of her second child, G.J.K.[2]

On February 10, 2017, K.A. filed his "Petition In Intervention to Establish

Paternity and to Obtain Custody Rights," asserting that he and the child's mother

had an intimate relationship in November of 2014, during the mother's marriage to

J.B.K., and that the child's mother concealed from K.A. that he was in fact

G.J.K.'s biological father. K.A. attached to his petition a DNA test report

---

[1] Pursuant to Uniform Rules-Courts of Appeal Rule 5-2, we will use the initials of all parties to protect the minor's identity and to ensure the confidentiality of the minor who is a party to and whose interests are the subject matter of the proceedings on appeal.
[2] In her petition for divorce, the mother further sought child support from J.B.K. for their first child, B.A.K., but did not seek any financial support for her second child, G.J.K., who is the subject of this litigation.

confirming that he is G.J.K's biological father to a scientific certainty of 99.999999998%.

On February 21, 2017, J.B.K. filed "Exceptions of No Cause and/or No Right of Action, Prescription, Peremption to the Verified Petition In Intervention to Establish Paternity and to Obtain Custody[]," contending that K.A.'s petition, filed more than one year from the time of G.J.K.'s birth, was prescribed or peremped as a matter of law under La. C.C. art. 198.[3]

On March 23, 2017, the trial court issued a judgment appointing the Stuart H. Smith Law Clinic and Center for Social Justice through Loyola University School of Law to represent G.J.K. On April 12, 2017, approximately three weeks later, J.B.K.'s various exceptions were heard before the Domestic Commissioner. The Commissioner issued a judgment on April 13, 2017, overruling J.B.K.'s exception of no right of action, overruling in part his exception of no cause of action as to the paternity action and sustaining in part his exception of no cause of action as to the custody claims. The Commissioner further sustained the exception of peremption, finding that K.A.'s right to establish paternity was peremped under the time limitations provided in La. C.C. art. 198.

K.A. filed an Objection to the Commissioner's ruling, contending in part that the "time limitations in Civil Code article 198 are constitutionally invalid."

At the trial on J.B.K.'s exceptions to K.A.'s petition, K.A.'s counsel asked the trial court to rule on the constitutionality of the statute, contending that the time limitations provided in La. C.C. art. 198 unconstitutionally infringe upon a biological father's right to parent. J.B.K.'s counsel objected to the consideration of

---

[3] La. C.C. art. 198, in pertinent part, provides:
   A man may institute an action to establish his paternity of a child at any time except as provided in this Article. The action is strictly personal.
   If the child is presumed to be the child of another man, the action shall be instituted within one year from the day of the birth of the child. Nevertheless, if the mother in bad faith deceived the father of the child regarding his paternity, the action shall be instituted within one year from the day the father knew or should have known of his paternity, or within ten years from the day of the birth of the child, whichever first occurs.

K.A.'s constitutional argument because K.A. had failed to timely notify the attorney general of a challenge to the constitutionality of La. C.C. 198 as required under La. C.C.P. art. 1880. Thereafter, K.A.'s counsel orally moved for additional time to permit notification to the attorney general and further plead the constitutionality issue. The trial judge refused this oral request.

Following the trial on J.B.K.'s exceptions, at which the trial judge did not consider the constitutional arguments raised due to the aforementioned failure to properly notice an indispensable party, the trial judge issued a written judgment sustaining J.B.K.'s exception of peremption and finding that K.A.'s petition to establish paternity was peremped under La. C.C. art. 198.[4]

## DISCUSSION

Our review of the record and the briefs filed by the parties in this matter reveals that this litigation, which involves Louisiana's unique dual paternity principle, implicates both the constitutional issue of the right of a father to parent as well as the concomitant constitutional rights of a child. *See Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49, 56 (2000).

In *Reeder v. North*,[5] 97-0239 (La. 10/21/97), 701 So.2d 1291, 1299-1300, relying on *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94), 646 So.2d 859, 864-865, the Louisiana Supreme Court reiterated the long-standing jurisprudential rule of law:

---

[4] The trial court's June 27, 2017 judgment further overruled the exception of no right of action and the exception of no cause of action as to the paternity claim but sustained the exception of no cause of action as to the custody claim. After the lodging of the appeal, this Court ordered that the trial judge amend the written judgment to include the required decretal language that K.A.'s claims were dismissed.

[5] In *Reeder*, like here, the plaintiff first raised the unconstitutionality of the statute in an opposition memorandum to defendant's exception of prescription/peremption in the trial court. Like here, after a hearing, the trial court nonetheless held that Reeder's action was peremped. When Reeder appealed the ruling to this Court, he also filed a motion to stay the appeal and remand the matter to the trial court so that he could amend and supplement his petition to specifically plead the unconstitutionality of the statute. On appeal, this Court reversed the trial court's ruling, held that Reeder's action was not peremped, and remanded the matter for trial. In the quoted opinion, the Supreme Court reversed this Court, reinstated the trial court's judgment sustaining the exception of peremption, but remanded to the trial court to allow the plaintiff time to amend and supplement his petition.

> [A] statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.
>
> * * *
>
> However, the law takes a liberal approach toward allowing amended pleadings in order to promote the interests of justice. *Whitnell v. Menville*, 540 So. 2d 304, 309 (La. 1989). La. C.C.P. art. 934 provides as follows: When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.

Given the lifetime impact this litigation will have upon the parties involved, particularly the minor child, G.J.K, we find, in the interest of justice and judicial economy, that K.A. should be allowed the opportunity to amend his petition and appropriately challenge the constitutionality of La. C.C. art. 198 in the trial court.[6]

## DECREE

For the foregoing reasons, in accordance with La. C.C.P. art. 934 and the jurisprudence, in the interest of justice and judicial economy, we stay the pending appeal and pretermit review of the trial court's judgment sustaining the exception of peremption and remand this matter to the trial court solely to afford the parties the opportunity to properly challenge the constitutionality of La. C.C. art. 198 and to give notice to the attorney general pursuant to La. C.C.P. art. 1880. Accordingly, the matter is remanded to the trial court solely for proceedings consistent with the reasons articulated in this opinion.

**APPEAL STAYED AND SOLE ISSUE REMANDED**

---

[6] It is not our intent to afford the parties the opportunity to relitigate the facts of the case presented at the trial court hearing on the exception.

17-CA-625                                    4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
ROBERT M. MURPHY
STEPHEN J. WINDHORST
HANS J. LILJEBERG

JUDGES

CHERYL Q. LANDRIEU
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 23, 2018** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
CHERYL Q. LANDRIEU
CLERK OF COURT

## 17-CA-625

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JOHN J. MOLAISON, JR. (DISTRICT JUDGE)

LEONARD L. LEVENSON (APPELLEE)     STEPHANIE A. FRATELLO (APPELLANT)     JACQUELINE F. MALONEY (APPELLEE)
SHARON L. ANDREWS (APPELLANT)      ALLISON K. NESTOR (APPELLEE)          DESIREE M. VALENTI (APPELLANT)
THOMAS A. ROBICHAUX (APPELLANT)

### MAILED

TRACY G. SHEPPARD (APPELLEE)       CHRISTIAN W. HELMKE (APPELLEE)        RAMONA G. FERNANDEZ (APPELLEE)
ATTORNEY AT LAW                    DONNA R. BARRIOS (APPELLEE)           ATTORNEY AT LAW
412 DOLHONDE STREET                ATTORNEYS AT LAW                      STUART H. SMITH LAW CLINIC &
GRETNA, LA 70053                   424 GRAVIER STREET                    CENTER FOR SOCIAL JUSTICE
                                   FIRST FLOOR                           540 BROADWAY STREET
                                   NEW ORLEANS, LA 70130                 NEW ORLEANS, LA 70118